IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, | ) ) ) ) | |
| **Plaintiff,** | ) ) | Case No. |
| | ) | Division: |
| v. | ) ) | JURY TRIAL DEMANDED |
| UNITED BANKCARD, INC., d/b/a HARBORTOUCH, | ) ) ) | |
| Serve Reg Agent/Person in Charge: 2202 N. Irving St. Allentown PA 18109 | ) ) ) ) ) | |
| **Defendant.** | ) | |

**16**

**CLASS ACTION PETITION**

COMES NOW Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry on behalf of itself and as a representative of the class defined below ("Class"), and brings this action against Defendant United Bankcard, Inc., d/b/a Harbortouch ("Defendant" or "Harbortouch"), stating as follows.

**INTRODUCTION**

1.     According to Defendant's website, "Harbortouch is a leading national supplier of **point of sale (POS) systems**, serving thousands of businesses across the nation" and "[a]s one of the largest . . . payment processors in the United States, Harbortouch currently handles the merchant accounts for

**EXHIBIT A**

**over 110,000 business locations and processes in excess of $9 billion annually**, with those numbers continually increasing"[1]

2.      This action seeks class-wide redress for Defendant's withdrawing money from merchants' bank accounts under the guise of a misleadingly labeled "Regulatory Compliance Fee," even though such a fee was not authorized by contract or by law.  Plaintiff wants—and is entitled to—the return of its money and an injunction prohibiting Defendant's wrongful conduct.

## JURISDICTION AND VENUE

3.      The court has personal jurisdiction over Defendant, as it transacts business within Missouri, upon information and belief has sales representatives in Missouri, and committed a tort in Missouri.

4.      Venue is proper under Missouri Revised Statutes § 508.010.4.

## PARTIES

5.      Plaintiff Suzanne Degnen, D.M.D., P.C., is a Missouri professional corporation in good standing with the Missouri Secretary of State.

6.      Sunset Tower Family Dentistry is registered with the Missouri Secretary of State as a fictitious name for Suzanne Degnen, D.M.D., P.C.

7.      Plaintiff's principal place of residence and registered agent are in St. Louis County, Missouri.

8.      Defendant is a New Jersey corporation with its principal place of business at 2202 N. Irving St., Allentown, Pennsylvania 18104.

---

[1] www.harbortouch.com/about-harbortouch/overview/ (last visited Jan. 28, 2013).

**EXHIBIT A**

9.     Defendant is not registered with the Missouri Secretary of State to transact business in Missouri.

10.     Defendant has merchants with addresses in Missouri and sales agents in Missouri.

### FACTS

11.     Plaintiff operates a dental practice in St. Louis County, Missouri.

12.     Plaintiff used a POS system and Defendant invoiced Plaintiff for merchant processing services.

13.     Defendant sent Plaintiff a "Billing Statement" for the period of December 1, 2012 to December 31, 2012, a true and accurate copy of which is attached as **Exhibit 1**.

14.     In the Billing Statement, Defendant billed Plaintiff as follows:

| 1 | Regulatory Compliance Fee | | $89.00 | $0.00 |
|---|---|---|---|---|
| | | Sub-Totals | $89.00 | $0.00 |
| | | **GRAND TOTAL** | **$89.00** | |

28.     In the Billing Statement, Defendant advised Plaintiff:

### *** PLEASE DO NOT SEND PAYMENT. ***
### THESE FEES HAVE ALREADY BEEN DEDUCTED
### FROM YOUR CHECKING ACCOUNT.

29.     Plaintiff did not send the $89.00 payment to Defendant.

30.     Defendant withdrew the $89.00 Regulatory Compliance Fee from Plaintiff's checking account.

3

**EXHIBIT A**

31.     Plaintiff had not entered into any contract under which Defendant had the right to withdraw the Regulatory Compliance Fee from Plaintiff's checking account.

32.     Plaintiff had not entered into any contract under which Defendant had the right to charge Plaintiff the Regulatory Compliance Fee.

33.     Defendant had no right to take the Regulatory Compliance Fee from Plaintiff.

34.     Plaintiff was damaged by Defendant's unauthorized withdrawal of the Regulatory Compliance fee.

## CLASS ALLEGATIONS AND DEFINITION

35.     This action is brought under Missouri Supreme Court Rule 52.08 by Plaintiff on behalf of itself and all other similarly situated.

36.     The proposed Class that Plaintiff seeks to represent is as follows:

All persons within the United States from whom Defendant, dating back to five years prior to the filing this lawsuit, charged and was paid a Regulatory Compliance Fee, which was not authorized by any agreement.

37.     Excluded from the Class are Defendant, its employees, officers, directors, and all persons who have or had a controlling interest in Defendant; Defendant's legal representatives, predecessors, successors and assigns; the judge to whom this case is assigned and such judge's immediate family; Plaintiff's attorneys and their employees; and all persons who properly opt out from the Class.

4

**EXHIBIT A**

38.     Numerosity and Impracticality of Joinder: Plaintiff does not know the exact number of Class members, but based upon its investigation, which revealed consumer complaints against Defendant, e.g., "[t]hieves will be more merciful on your bank account than the Harbortouch," and based upon Defendant's representation on its website that currently handles the merchant accounts for over 110,000 business locations, reasonably believes that the Class consists of at least 500 persons; thus, the members of the Class are so numerous that the joinder of all Class members would be impracticable.

39.     Commonality and Predominance:     There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class, including, but not limited to, the following:

a.  whether Defendant charged Plaintiff and the Class a Regulatory Compliance Fee;

b.  whether the Regulatory Compliance Fee was authorized by any contract;

c.  whether the Regulatory Compliance Fee was unfair;

d.  whether the Regulatory Compliance Fee was deceptive;

e.  whether the Regulatory Compliance Fee was unlawful;

f.  whether Plaintiff and the Class are entitled to repayment of the Regulatory Compliance Fee;

g.  whether Plaintiff and the Class are entitled to damages beyond repayment of the Regulatory Compliance Fee, and, if so, how much; and

h.  whether Plaintiff and the Class are entitled to injunctive relief to prevent Defendant from withdrawing unauthorized Regulatory Compliance Fees in the future.

5

**EXHIBIT A**

40.    Typicality: Plaintiff's claims are typical of the Class in that Plaintiff and the Class all suffered damages as a direct and proximate result of the same wrongful practices and conduct of Defendant.

41.    Plaintiff's claims are based upon the same legal theories and contract as the Class members' claims.

42.    Adequacy: Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with, those interests for the Class, and has retained experienced and qualified counsel.

43.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia,* it is economically impracticable for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious and redundant litigation, prosecution as a class action will eliminate the possibility of inconsistent rulings, and a class action will enable the claims to be handled in an orderly expeditious manner.

44.    Class certification is appropriate under Rule 52.08(b)(2), because prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications as to individual members of the class, which would establish incompatible standards of conduct required of Defendant.

45.    Class certification is appropriate under Rule 52.08(b)(2), because Defendant has acted on grounds generally applicable to the Class, thereby

6

**EXHIBIT A**

making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

46.     A class action is an appropriate and a superior method for the fair and efficient adjudication of the controversy insofar as common questions of law and/or fact predominate over any individual questions which may arise, and there would be significant savings to the Class and to Defendant in litigating common issues on a class-wide basis.

47.     No unusual difficulties are likely to be encountered in the management of the case on a class basis.

48.     As a result of Defendant's unauthorized withdrawal of the Regulatory Compliance Fee, in addition to repayment of such fees, Plaintiff and the Class are entitled to injunctive relief prohibiting Defendant from debiting their accounts for such fees in the future or from otherwise collecting such fees.

### COUNT I—CONVERSION

49.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 48 above as if restated in their entirety.

50.     Plaintiff was entitled to possession of the money in its bank account.

51.     Defendant exercised unauthorized control over the money in Plaintiff's bank account.

52.     Defendant tortiously took Plaintiff's money for what Defendant deemed a Regulatory Compliance Fee.

7

**EXHIBIT A**

53. Defendant deprived Plaintiff of Plaintiff's right to possession of the money in Plaintiff's bank account.

54. Defendant's conduct with respect to the Regulatory Compliance Fee was malicious, corrupt, and/or intentional or reckless to a degree sufficient to support an award of punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor on Count I and provide the following relief:

a. certify this action as a class action and appoint Plaintiff as the Class representative;

b. appoint the undersigned counsel as Class counsel;

c. award damages equal to at least the Regulatory Compliance Fee;

d. enjoin Defendant from continuing to impose a Regulatory Compliance Fee and from continuing to withdraw funds for such fee;

e. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

f. award named Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

g. award pre-judgment interest at the rate of 9 percent per annum;

h. award punitive damages in an amount to be determined at trial; and

i. award Plaintiff costs; and

j. grant Plaintiff all other relief deemed just and proper.

## COUNT II—MONEY HAD AND RECEIVED

55. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 54 above as if restated in their entirety.

56. Defendant received or obtained possession of Plaintiff's money for what Defendant deemed a Regulatory Compliance Fee.

8

**EXHIBIT A**

57.    In equity and good conscience, Defendant ought to return to Plaintiff the money for the Regulatory Compliance Fee.

58.    It would be inequitable, unjust, and unfair for Defendant to retain Plaintiff's money.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor on Count II and provide the following relief:

a.    certify this action as a class action and appoint Plaintiff as the Class representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages equal to at least the Regulatory Compliance Fee;

d.    enjoin Defendant from continuing to impose a Regulatory Compliance Fee and from continuing to withdraw funds for such fee;

e.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

f.    award named Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

g.    award Plaintiff pre-judgment interest at the rate of 9 percent per annum;

h.    award Plaintiff costs; and

i.    grant Plaintiff all other relief deemed just and proper.

**EXHIBIT A**

Respectfully submitted,

SCHULTZ & ASSOCIATES LLP


By: _____

Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax:  (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com


Law Offices of Philip M. Horwitz, L.L.C.

By: _____

Philip M. Horwitz, #38493
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(314) 481-6733
Fax:  (314) 481-6732
pmhlth@aol.com

*Attorneys for Plaintiff*

10

**EXHIBIT A**