UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. ) <br> d/b/a SUNSET TOWER FAMILY ) <br> DENTISTRY, ) <br>  ) <br> Degnen, ) <br>  ) <br> v. ) <br>  ) <br> UNITED BANK CARD, INC., d/b/a ) <br> HARBOTOUCH, ) <br>  ) <br> Defendant. ) | Case 4:13-cv-00567-CEJ |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Case: 4:13-cv-00567-CEJ   Doc. #:  38   Filed: 12/18/13   Page: 1 of 12 PageID #: 472

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

OVERVIEW OF THE CLAIM AGAINST HARBORTOUCH ........................................ 2

ARGUMENT ............................................................................................................................... 2

I.     THE PROPOSED SETTLEMENT MERITS FINAL APPROVAL ....................... 2

        A.     Legal Standards for Final Approval of Class Action Settlement ................. 2

        B.     The Settlement is Fair, Reasonable and Adequate ....................................... 4

               1.     The Merits of Degnen's Case, Weighed Against the Benefits of the Settlement ................................................................................................. 4

               2.     Defendant's Financial Condition ........................................................ 5

               3.     The Complexity and Expense of Further Litigation ........................ 5

               4.     The Amount of Opposition to the Settlement ................................. 5

               5.     Other Factors ........................................................................................ 6

II.    THE SETTLEMENT DISTRIBUTION IS FAIR AND REASONABLE AND SHOULD BE APPROVED ....................................................................................... 7

III.   THE NOTICE TO THE CLASS SATISFIED THE REQUIREMENTS OF RULE 23 AND DUE PROCESS ............................................................................................ 7

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**                                                          **Page(s)**

*Daniels v. Greenkote IPC, Inc.*,
 No. 4:10 CV 1954 DDN, 2013 U.S. Dist. LEXIS 64237 (E.D. Mo. May 6, 2013)....6

*DeBoer v. Mellon Mortg. Co.*,
 64 F.3d 1171 (8th Cir. 1995) .........................................................................3, 6

*Eisen v. Carlisle & Jacquelin*,
 417 U.S. 156 (1974)..................................................................................... 7-8

*Grunin v. International House of Pancakes*,
 513 F.2d 114 (8th Cir. 1975) ........................................................................3, 8

*In re BankAmerica Corp. Sec. Litig.*,
 210 F.R.D. 694 (E.D. Mo. 2002) .......................................................................4

*In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*,
 716 F.3d 1057 (8th Cir. 2013) ..........................................................................3

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
 396 F.3d 922 (8th Cir. 2005) ........................................................................ 3-5

*Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*,
 921 F.2d 1371 (8th Cir. 1990) ..........................................................................3

*Petrovic v. Amoco Oil Co.*,
 200 F.3d 1140 (8th Cir. 1999) ................................................................... 3-4, 6

*Van Horn v. Trickey*,
 840 F.2d 604 (8th Cir. 1988) ............................................................................3

*White v. NFL*,
 822 F. Supp. 1389 (D. Minn. 1993), *aff'd*, 41 F.3d 402 (8th Cir. 1994) .................3

**STATUTES**
Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................... 7-8

Fed. R. Civ. P. 23(e) ........................................................................................... 2-3, 8

**OTHER AUTHORITIES**
MANUAL FOR COMPLEX LITIGATION (THIRD) § 30.42 (1997)...............................4

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry ("Degnen"), on behalf of itself and the Class, respectfully submits this memorandum of law in support of its motion for final approval of the proposed settlement of this Class Action against Defendant United Bankcard, Inc., d/b/a Harbortouch ("Harbortouch"). Degnen requests (i) final approval of the Settlement as fair, reasonable and adequate by entry of the proposed Final Order and Judgment ("Judgment"); (ii) a finding that notice to the Settlement Class satisfied due process; (iii) final certification of the Settlement Class; (iv) appointment of Schultz & Associates LLP as Class Counsel; and (v) approval of the proposed Settlement distribution.

The memorandum is supported by the accompanying Declarations of Ronald J. Eisenberg, Philip M. Horwitz, and Robert Healey in support of Plaintiff's Motion for Final Approval of the Proposed Class Action Settlement and Class Counsel's Motion for Award of Attorneys' Fees.

## PRELIMINARY STATEMENT

The Agreement provides that each Class Member (merchants that signed up through Entrust Bankcard and paid Harbortouch a Regulatory Compliance Fee) will receive $89.00 per terminal ID (except for refunds already given).

The Settlement was reached only after extensive investigation efforts and is the result of arm's-length negotiations by well-informed counsel. Class Counsel has significant experience in class action litigation and it is Class Counsel's informed opinion that the Settlement is an excellent result as Class Members <u>will receive the full amount</u> of the allegedly unauthorized fee.

## OVERVIEW OF THE CLAIM AGAINST HARBORTOUCH

Degnen, a Missouri professional corporation, which operates a dental practice in St. Louis County, Missouri, filed its lawsuit on February 14, 2013, in the St. Louis County Circuit Court, against Harbortouch, a national supplier of point of sale (POS) systems headquartered in Pennsylvania. The lawsuit alleged that Degnen was charged $89.00 for a Regulatory Compliance Fee by Harbortouch after Degnen entered into an agreement for credit card/debit card processing with Entrust Bankcard. Degnen alleged that the Regulatory Compliance Fee of $89.00 was not authorized by contract, but charged nonetheless. Harbortouch denied that the Regulatory Compliance Fee was not authorized. On April 23, 2013, Harbortouch filed a Motion to Dismiss. (Doc. 11.) Degnen opposed the Motion. (Doc. 20.) By consent of the parties, ruling on the motion to dismiss has been stayed pending this settlement.

The settlement process was lengthy and hard-fought on all sides.  The proposed Agreement reached through these negotiations will provide an immediate benefit to each Class Member of $89.00 (per terminal ID)[1] which is an outstanding result for the Settlement Class (approximately 727 members—approximately 586 after combining terminal IDs in business locations owned by the same person or entity).

## ARGUMENT

I. **THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL**

   A. **Legal Standards for Final Approval of Class Action Settlement.**

A class action settlement requires Court approval, and a settlement should be approved if the Court finds it "fair, reasonable, and adequate." *See* Fed. R. Civ. P.

---

[1] A terminal ID is a unique number assigned and linked to a specific POS terminal that can be used to identify the merchant operating the terminal during credit card sales transaction processing.

23(e)(2); *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005); *Petrovic v. Amoco Oil Co.*, 200 F. 3d 1140, 1148 (8th Cir. 1999); *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988). In determining whether to approve a settlement, the district court acts as fiduciary, serving as a guardian of the rights of absent class members. *See In re Wireless Tel.*, 396 F.3d at 932; *Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir. 1975).

"The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *White v. Nat'l Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993), *aff'd*, 41 F.3d 402 (8th Cir. 1994); *see also Liddell v. Bd. of Educ.*, 126 F.3d 1049, 1056 (8th Cir. 1997); *Petrovic*, 200 F.3d at 1148; *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990).

In this Circuit, district courts are required to consider four factors in determining whether a class action settlement is fair, reasonable, and adequate:  (i) the merits of the plaintiff's case weighed against the terms of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *See In re Uponor, Inc.,* 716 F.3d at 1063; *In re Wireless Tel.*, 396 F.3d at 932; *Van Horn*, 840 F.2d at 607; *Grunin*, 513 F.2d at 124. These four factors are not exclusive; courts may also consider factors as the arm's-length nature of the settlement negotiations and the stage of development of the case. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995); *White*, 822 F. Supp. at 1417.

Courts have found that a presumption of fairness, reasonableness, and adequacy should attach when a settlement has been negotiated at arm's length by experienced counsel after meaningful discovery. *See In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) (citing MANUAL FOR COMPLEX LITIGATION (THIRD) Section 30.42 (1997)).

**B.     The Settlement is Fair, Reasonable and Adequate.**

> **1.     The Merits of Degnen's Case Weighed Against the Benefits of the Settlement.**

"The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *In re Wireless*, 396 F.3d at 933 (quoting *Petrovic*, 200 F.3d at 1150).

While the merits of this case are strong, there is at least some risk that Plaintiff's claims would not survive the pending Motion to Dismiss.  In addition, litigation has been pending since February 2013 and would evolve into extensive discovery spanning hundreds of pages of contractual language between the parties and non-parties.  The most import factor that weighs heavily for settlement is that the Settlement Class will receive $89.00 per terminal ID—**the full extent of claimed damages**.  Approximately 727 merchants—approximately 586 after combining terminal IDs in business locations owned by the same person or entity—are members of the Class and will receive $89.00 per terminal ID.  Some merchants, i.e., those with multiple terminal IDs, will receive multiples of $89.00.

In the present case, the Settlement easily satisfies the criteria for approval and Degnen submits that the Settlement is fair, reasonable and adequate.

4

### 2. Defendant's Financial Condition.

While Harbortouch's financial condition is unknown, Harbortouch is prepared to pay approximately $90,200.00 to the Settlement Class. Class Counsel believes Harbortouch has the ability to pay for this Settlement.

### 3. The Complexity and Expense of Further Litigation.

Courts must also weigh the immediate benefits of a settlement against the additional time and expense of achieving a litigated verdict. *See, e.g., In re Wireless Tel.,* 396 F.3d at 933. This case is complex in that it involves detailed analysis of merchant applications and corresponding merchant processing agreements.  Litigation has been pending since February 2013 and will evolve into extensive discovery into the hundreds of pages of contractual language between the parties and agents that contracted with Harbortouch.  The complexity of the issues will result in the expenditure of significant amounts of time and money.

The Settlement Agreement provides a benefit of $89.00 per terminal ID to each Class Member, which is an immediate and full recovery of potentially claimed damages. Accordingly, this factor supports approval of the Settlement.

### 4. The Amount of Opposition to the Settlement.

Pursuant to the Preliminary Approval Order, Harbortouch mailed copies of the Notice to Class Members on December 3, 2013, and e-mailed copies on December 12, 2013, to all Class Members for whom Harbortouch has e-mail addresses. The Notice set out essential terms of the Settlement and informed Class Members of their right to opt out of the Class or object to any aspect of the Settlement.

While the deadline set by the Court for Class Members to exclude themselves or object to the Settlement has not yet passed, as of December 18, 2013, Class Counsel has not received any objections to the Settlement. The deadline for submitting objections and requesting exclusion from the Class is January 13, 2014.

**5.   Other Factors.**

The four factors enumerated by the Eighth Circuit are not an exclusive list of factors that may be considered in weighing the fairness, reasonableness, and adequacy of a proposed class action settlement. The experience and opinion of counsel on both sides should be considered, as well as whether a settlement resulted from arm's-length negotiations. *See DeBoer*, 64 F3d at 1178. These additional factors strongly support approval of the Settlement in this case.

In considering approval of a settlement, courts should give substantial weight to judgment of the parties and counsel who have negotiated the settlement. *See Petrovic, 2*00 F.3d at 1148-49 ("[j]udges should not substitute their own judgment as to the optimal terms for the judgment of the litigants and their counsel"); *DeBoer*, 64 F.3d at 1178 ("the views of counsel are to be accorded deference"); *Daniels v. Greenkote IPC, Inc.*, No. 4:10 CV 1954 DDN, 2013 U.S. Dist. LEXIS 64237, at *5 (E.D. Mo. May 6, 2013) ("Courts may rely on the judgment of experienced counsel on the merits of a class action settlement.").

Here, Class Counsel, who has extensive experience in class action litigation, believes that the Settlement is not only fair and adequate but an excellent result for Plaintiff Degnen and the Class in that the Settlement offers the full extent of claimed damages. In addition, the Settlement is the product of arm's-length negotiations between

6

Class Counsel and Harbortouch's counsel. These negotiations took place during a face-to-face meeting and several telephone conferences, followed by interrogatories to confirm the number of Class Members and the amount of Regulatory Compliance Fees collected to insure the parties had sufficient information on which to base their assessments.

In sum, all of the factors considered by the courts in the Eighth Circuit support approval of the Settlement as fair, reasonable and adequate.

## II.   THE SETTLEMENT DISTRIBUTION IS FAIR AND REASONABLE AND SHOULD BE APPROVED.

Harbortouch will distribute the proceeds of the Settlement to Class Members, without the need for claim forms, by crediting the bank accounts of those who are current Harbortouch merchants and mailing checks to the last known address of any who are former merchants.  The objective of the proposed Settlement distribution which is set forth in the Notice is to distribute $89.00 per terminal ID to Class Members.

Approval of a settlement distribution in a class action is governed by the same standard of review applicable to the settlement as a whole–the plan must be fair and reasonable. In this case, each Class Member will receive the same monetary benefit in the amount of $89.00 per terminal ID.

## III.   NOTICE TO THE CLASS SATISFIED THE REQUIRMENTS OF RULE 23 AND DUE PROCESS.

The Notice provided to the Class satisfied the requirements of Rule 23(c)(2)(B), which requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-75

(1974). The Notice also satisfied Rule 23(e)(1), which requires that notice of a settlement be "reasonable," *i.e.*, it must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings." *Grunin*, 513 F.2d at 122 (internal quotations omitted).

Both the substance of the Notice and the method of its dissemination to potential Class Members satisfy these standards. The Court-approved Notice includes all the information required by Federal Rule of Civil Procedure 23(c)(2)(B), including: (i) an explanation of the nature of the action and claims; (ii) a definition of the Class; (iii) the amount of Settlement; (iv) a description of the distribution of the Settlement; (v) an explanation of the reasons why the parties are proposing the Settlement; a statement indicating the attorneys' fees and costs that will be sought; (vii) a description of the right to opt out of the Class or object to the Settlement, the Settlement distribution or requested attorneys' fees or expenses; and (viii) notice of the binding effect of a judgment on Class Members.

In accordance with the Court's Preliminary Approval Order, copies of the Notice were sent by first-class mail to Class Members and by e-mail to those for whom Harbortouch has e-mail addresses. This was "the best notice … practicable under the circumstances." Fed. R. Civ. P. Rule 23(c)(2)(B).

## CONCLUSION

For the reasons set forth above, Plaintiff Degnen requests that the Court approve the Settlement as fair, reasonable, and adequate and approve the settlement distribution as fair and reasonable.

>Respectfully submitted,
>
>SCHULTZ & ASSOCIATES LLP
>
>By: /s/ Ronald J. Eisenberg
>Ronald J. Eisenberg, #48674MO
>Robert Schultz, #35329MO
>640 Cepi Drive, Suite A
>Chesterfield, MO 63005
>636-537-4645
>Fax:  636-537-2599
>reisenberg@sl-lawyers.com
>rschultz@sl-lawyers.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon Defendant's counsel.

> /s/ Ronald J. Eisenberg

9