UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, | ) ) ) ) |
| Plaintiff, | ) Case 4:13-cv-00567-CEJ ) ) |
| v. | ) ) |
| UNITED BANKCARD, INC., d/b/a HARBORTOUCH, | ) ) ) ) |
| Defendant. | ) |

**CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES**

Class Counsel Ronald J. Eisenberg and Robert Schultz of Schultz & Associates LLP and Philip M. Horwitz of Law Offices of Philip M. Horwitz, L.L.C., move under Federal Rule of Civil Procedure 23 for an award of attorneys' fees.

Class Counsel request $30,000 in attorney's fees. This request is supported by the declarations of its counsel (Exs. 1-2) and of an experienced class-action attorney not involved in this lawsuit, who addressed the reasonableness of the fee request (Ex. 3).

**I.   The parties' negotiated Settlement Agreement is entitled to deference.**

As the Eighth Circuit observed in considering the award of attorneys' fees in a class action settlement: "We are mindful of the limited scope of our review. We are dealing, as before, with a settlement agreement and such agreements are presumptively valid." *Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 921 F.2d 1371, 1391 (8th Cir. 1990). Thus, Class Counsel submit that the parties' agreement on the payment of attorneys' fees enjoys a presumption of

1

fairness. The Settlement Agreement fully negotiated by the parties specifies that Defendant will pay Class Counsel $30,000 for attorneys' fees, subject to Court approval. (Doc. 30-1 at ¶ 3.5.)

The award of attorneys' fees in this case will not reduce the benefits to the class under the Settlement Agreement, and will be made separately by Defendant. (Doc. 31-1 at ¶ 3.5.) Because the fee award is entirely separate from the recovery for the Settlement Class and was negotiated only after the settlement to the class was finalized, there was no potential conflict of interest with the class members. (Ex. 1 ¶ 8.) *See id.* at 1383 ("[T]he fee was discussed only after all other aspects of the agreement had been concluded, and . . . prospects of a fee did not influence counsel's negotiating position on the substantive aspects of the case. The District Court made no finding of a conflict of interest, and no basis exists for such a finding."). The requested sum will fairly and reasonably compensate Class Counsel for their time and effort and the risks undertaken in contingent litigation. *See Cohn v. Nelson*, 375 F.Supp.2d 844, 861 (E.D. Mo. 2005) ("[W]here, as here, the parties have agreed on the amount of attorneys' fees and expenses, courts give the parties' agreement substantial deference."); *Heilman v. Perfection Corp.*, 93 F.Supp.2d 1311, 1312-13 (W.D. Mo. 2000) (approving class action fee award and finding it unnecessary to closely critique the award, which was agreed to in arm's length bargaining between counsel).

## II. The lodestar method.

Although generally in the context of contested attorneys'-fee motions, which is not the case here, in determining attorneys' fees in class actions, courts in this circuit use the "lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Id.* at 851. "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Quigley v. Winter*, 598 F.3d 938, 959 (8th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

### A. Class Counsel's requested hourly rates are reasonable.

Class Counsel's requested hourly rates are reasonable, if not lower, than the rates customarily charged in the community by attorneys of comparable experience, skills, background, and reputation. (Ex. 3.) These hourly rates are $300.00 for attorney Eisenberg and $275.00 for attorney Horwitz, who have a combined forty years' experience practicing law. Class Counsel have litigated more than a dozen class actions in the past few years, including cases before the Missouri Supreme Court and the Eighth Circuit Court of Appeals and a non-class-action suit before the United States Supreme Court.

### B. Class Counsel spent a reasonable amount of time on this litigation, which involved complex and sophisticated contractual documents.

Class Counsel spent a reasonable amount of time on this complex litigation, which achieved a settlement on a nationwide basis. Attorneys

3

Eisenberg and Horwitz have spent at least 61 hours and 46 hours, respectively, on this case and additional hours will be needed to bring this action to conclusion; however, the sum they are seeking represents a discount to the actual amount of attorneys' fees, which total more than $30,950. (Exs. 1-2.) The Court previously granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement. (Docs. 29, 32.) As discussed in the Memorandum in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the case, which concerns complicated merchant applications and corresponding merchant processing agreements, as well as forum-selection-clause issues, is complex. For example, the Terms and Conditions that Defendant argues is part of the parties' contract, exceeds 100 pages. (Doc. 12-1 at 15-123.) Likewise, the Merchant Application, which Plaintiff signed, and counsel needed to decipher, is a complicated document. (*Id.* at 6-9.)

Class Counsel devoted significant time in researching and litigating over Defendant's motion based on an allegedly applicable forum-selection clause. (Ex. 2 ¶ 6.) In addition, to achieve settlement, Class Counsel engaged in face-to-face and telephone negotiations and worked through preparation of the documents necessary to effectuate a class-action settlement. (Ex. 1.)

An attorney familiar with the number of hours required for the type of work performed in this case confirmed the reasonableness of the hours billed. (Ex. 3.)

## III. The results obtained—return of 100 percent of the Regulatory Compliance Fee at issue—are outstanding.

Class actions are frequently criticized, as providing no tangible, financial benefits to class members. For example, the conclusion section of an article published this month lodges a variety of criticisms against class actions,

> This study confirms that class actions rarely benefit absent class members in whose interest class actions are supposedly initiated. The overwhelming majority of class actions are dismissed or dropped with **no recovery** for class members. And those recoveries that class settlements achieve are typically minimal—and obtained only after long delays.

*Do Class Actions Benefit Class Members? An Empirical Analysis of Class Actions*, by Mayer Brown LLP, http://blogs.reuters.com/alison-frankel/files/2013/12/mayerbrownclassactionstudy.pdf (last visited Dec. 17, 2013).

Even opponents of class actions would have to admit that the results obtained under the Settlement Agreement in this class action are outstanding. In less than a year in federal court, Class Counsel obtained an outstanding settlement on behalf of a nationwide class of persons who to whom Defendant charged a "Regulatory Compliance Fee" per Terminal ID that Plaintiff alleged was not authorized. Under the Settlement Agreement (Doc. 30-1), Defendant will provide members of the Settlement Class who do not request exclusion automatic refunds of $89.00 per terminal ID, without the need for them to submit claims. In addition, under the Settlement Agreement, Defendant agreed to pay all costs and expenses of Notice and distribution of benefits under the Settlement Agreement. The Settlement Agreement resulted in an outstanding result for the

Settlement Class, because each member will receive 100% of the Regulatory Compliance Fee charged during the Class Period.

WHEREFORE, Class Counsel asks the Court to award their attorneys' fees in the agreed-upon amount set forth herein and provide any additional relief deemed just and proper.

Respectfully submitted,

SCHULTZ & ASSOCIATES LLP


By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674MO
Robert Schultz, #35329MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

Law Offices of Philip M. Horwitz, L.L.C.

Philip M. Horwitz, #38493MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(314) 481-6733
Fax: (314) 481-6732
pmhlth@aol.com

*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I certify that on December 18, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon defendant's counsel.

/s/ Ronald J. Eisenberg